IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | **SUB CHAPTER V** |
| **PORTERFIELD-SCHEID** | : | |
| **MANAGEMENT CO., LLC** | : | |
| | : | **Bankruptcy No. 24-01127(HMV)** |
| **Debtor.** | : | |

## STIPULATION RESOLVING DEBTOR'S MOTION FOR RECONSIDERATION

Porterfield-Scheid Management Co., LLC (the "Debtor") and Integrity First Capital, LLC (the "Lender") hereby stipulate as to the following in order to resolve the Motion for Reconsideration filed by Debtor (D.N. 84).

**A.** **Chapter 11 Filed**. Debtor filed its petition under Chapter 11 of the Bankruptcy Code on May 4, 2024 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

**B.** **Relief from the Automatic Stay**. On or about November 5, 2024, the Court granted Integrity First relief from the Automatic Stay as to 890 Isabell Drive, Lebanon, Pennsylvania 17042 (the "Property") so that Integrity First may exercise its rights to the Property under applicable non-bankruptcy law. *See* D.N. 81 (the "MFR Order"). The MFR Order is effective thirty (30) days after November 5, 2024.

**C.** **Motion for Reconsideration of the MFR Order**. The Debtor filed a Motion to Reconsider the MFR Order and the Parties agreed to certain terms that must be complied in order for the MFR Order to not become effective.

- 1 -

It is hereby stipulated and agreed between the parties:

1. The Debtor shall make the following payments to Integrity First (with funds received by close of business on the specified date) as follows:

    a. $10,000.00 on or before December 4, 2024;
    b. $5,000.00 on or before December 19, 2024;
    c. $10,000.00 on or before January 4, 2024

2. If the Debtor fails to make any payment in Section 1, the Debtor is in immediate default of this Stipulation and the MFR Order shall become effective immediately. Upon failure to make payment, Integrity First shall provide electronic notice to Office of the United States Trustee, Sub-Chapter V Truste and Debtor. Once notice is made, Integrity First is entitled to record its deed-in-lieu or take any action permitted under state law as to the Property.

3. On or before December 30, 2024, the Buyer (as referenced in the Debtor Sale Motion), must make a $130,000.00 non-refundable deposit made payable to Integrity First and confirm (in writing) that it has satisfied the financing contingency requirements and secured financing. In the event that the Buyer does not make the non-refundable deposit or does not secure financing for the purchase of the Property by December 30, 2024, this shall be an immediate default and Integrity First is entitled to record the deed-in-lieu after notice to the parties as outlined in Section 2.

4. In the event that Integrity First records the deed-in-lieu, the Debtor must vacate within thirty (30) days at its own cost.

5. Integrity First reserves its right to file a claim for administrative expenses if the Debtor has not vacated completely or any other unforeseen damages.

6. Furthermore, Debtor agrees to not remove any fixtures and/or crematorium.

7. In exchange for the agreements herein, Integrity will forbear from recording its Deed in Lieu until an Event of Default hereunder.

8. The Debtor shall file either an Amended Sale Motion or attach to the existing Sale Motion and Amended Agreement of Sale which requires the Buyer to post the non refundable deposit by 12/30/24 and close on the purchase of the property by January 31, 2025. If the Buyer fails to close on the purchase of the property by January 31, 2025, the Debtor shall be in immediate default and Integrity First is entitled to record the deed-in-lieu after notice to the parties as outlined in Section 2.

9. Integrity First reserves all rights, claims and objections as to the Sale Motion including its right to credit bid and object to the extent Integrity First is not paid the full amount of its claim.

PORTERFIELD-SCHEID MANAGEMENT
COMPANY, LLC

By: *Lawrence V. Young*
Title: *Attorney*


INTEGRITY FIRST CAPITAL, LLC

By: *Daniel S. Siedman*
Title: *attorney*

BY THE COURT:

_____
Hon.
United States Bankruptcy Judge

Dated: _____