| UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA | |
|---|---|
| In Re: <br><br>PORTERFIELD-SCHEID MANAGEMENT COMPANY, LLC, <br><br>Debtor. | CASE NO. 24-01127 <br><br>JUDGE: HWV <br><br>CHAPTER 11 |

**OBJECTION OF INTEGRITY FIRST CAPITAL, LLC TO
CONFIRMATION OF THE DEBTOR'S AMENDED CHAPTER 11 PLAN**

Integrity First Capital, LLC (hereinafter referred to as "Integrity First"), by its attorneys, Ciardi Ciardi & Astin, hereby objects to Confirmation of the Debtor's Amended Chapter 11 (the "Amended Plan"). See D.N. 78. In support thereof, Integrity First respectfully represents as follows:

**RELEVANT BACKGROUND.**

1. Debtor filed a voluntary petition under chapter 11 Small Business SubChapter V of title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (as amended from time to time, the "Bankruptcy Code") on June 11, 2018 (the "Petition Date") initiating the above-captioned bankruptcy case (the "Bankruptcy Case").

2. Integrity First has a secured claim against Debtor in the amount of $1,395,072.44 as of the Petition Date and a lien against the real property of the Debtor at 890 Isabell Drive, Lebanon, Pennsylvania 17042 (the "Property").

3. On or about May 28, 2024, Integrity First filed a secured proof of claim in the amount of $1,395,072.44 (the "Secured Claim"). See Claim 2-1. Interest, costs and other amounts continue to accrue on the Secured Claim.

4. On or about July 31, 2023, the Debtor filed a Plan of Reorganization (the "Plan").

5. Integrity First filed an Objection to the Plan. *See* D.N. 56.

6. On or about October 8, 2024, the Court had a hearing on Confirmation and entered an Order sustaining all objections. *See* D.N. 71.

7. On or about October 29, 2024, the Debtor filed the Amended Plan. A true and correct copy of the Amended Plan is attached hereto as Exhibit "A".

8. The Amended Plan sets forth that Integrity First is impaired and "To be paid in full from the liquidation of corporate assets or will be paid in full from the refinancing of the assets. It is believed that there is enough value in the assets to pay Integrity First Capital, LLC in full." *See* Exhibit "A".

9. The Amended Plan does not define what assets are being sold or refinanced. *See* Exhibit "A".

10. The Debtor has subsequently filed a Motion to Sell the Property. *See* D.N. 84.

11. To the extent that Integrity First is not paid **in full** from the sale of the Property as set forth in the Motion to Sell Property, the Debtor objects to this Amended Plan as it is non-confirmable.

WHEREFORE, Integrity First respectfully requests that this Honorable Court (i) deny confirmation of the Amended Plan with prejudice and (ii) grant any other and further relief that the Court deems just and proper.

Date: December 27, 2024

Respectfully submitted,

CIARDI CIARDI & ASTIN

/s/ *Daniel S. Siedman*
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
1905 Spruce Street,
Philadelphia, Pa 19103
Telephone: (215) 557-3550
Facsimile: (215) 557-3551

**Counsel for Integrity First**

EXHIBIT A

| Fill in this information to identify the case: |
|---|
| Debtor Name: __Porterfield-Scheid Management Company, LLC__ |
| United States Bankruptcy Court for the: __Middle__   District of __PA__ (State) |
| Case number: __1:24-bk-01127-HWV__ |

☒ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11         02/20

**Porterfield-Scheid Management Company, LLC's   Plan of Reorganization   Dated: October 29, 2024**

[If this plan is for a small business debtor under Subchapter V, 11 U.S.C. § 1190 requires that it include "(A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization." The Background section below may be used for that purpose. Otherwise, the Background section can be deleted from the form, and the Plan can start with "Article 1: Summary"]

## Background for Cases Filed Under Subchapter V

### A. Description and History of the Debtor's Business

The Debtor is a corporation which owns real estate at 890 Isabel Drive, in the city of Lebanon, Lebanon County, Pennsylvania. The Debtor also owns two other parcels of real estate in Lancaster at 317 East Orange Street, and one in Conestoga at 3223-3225 Main Street, Lancaster County, Pennsylvania. All three (3) parcels are operated as funeral homes. The Debtor leases the real estate to an entity known as Porterfield-Scheid Funeral Directors and Cremation Services, LTD. The leases are on a triple net basis such that the Debtor corporation actually receives no rent payment because all expenses are paid for by the tenant.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. The Debtor has listed the property at 890 Isabel Drive for sale and it is the intention of the Debtor to sell it and pay off the claim of Integrity First Capital, LLC. If the property cannot be sold for an amount sufficient to pay off all of the debts related to the Lebanon facility, it is the ultimate intention of the Debtor to surrender the property to Integrity First Capital, LLC in satisfaction of the outstanding mortgage debt. The Debtor reserves the right to try to sell the Lebanon property for Six (6) months after confirmation, at which time it will be surrendered if no acceptable and adequate offer has been secured. The Debtor has no general, unsecured creditors and has no unpaid tax obligations.

### C. Ability to make future plan payments and operate without further reorganization

The Debtor is currently operating and paying all of its ongoing bills as well as an adequate protection payment to Integrity First Capital, LLC, which holds a first mortgage on the Isabel Drive property in Lebanon. Mortgages on the two Lancaster County properties were held by Community First Fund, but have since been sold to an independent purchaser. These loans have come due and the Debtor is seeking to obtain refinancing to be able to pay off the mortgage debt on the two Lancaster County properties.

Official Form 425A     Plan of Reorganization for Small Business Under Chapter 11     page 1

Case 1:24-bk-01127-HWV   Doc 78   Filed 10/29/24   Entered 10/29/24 16:41:24   Desc
Case 1:24-bk-01127-HWV   Doc 110   Filed 12/27/24   Entered 12/27/24 15:28:00   Desc
Main Document    Page 5 of 9

| Debtor Name | **Porterfield-Scheid Management Company, LLC** | Case number | 1:24-bk-01127-HWV |
|---|---|---|---|

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay secured creditors of Porterfield-Scheid Management Company, LLC (the *Debtor*) from either the sale of sufficient assets or the refinancing of sufficient assets so as to either cure those secured creditors that are willing to accept a cure payment, or to pay in full those creditors whose loans have come due.

This Plan provides for:

| | |
|---|---|
| 0 | classes of priority claims; |
| 3 | classes of secured claims; |
| 0 | classes of non-priority unsecured clams; |
| 1 | and classes of equity security holders. |

To the extent that there are no priority claim holders and no non-priority unsecured claim holders, this Plan focuses on dealing with secured creditors. Primarily, the Plan is focused on dealing with Integrity First Capital, LLC, which mortgage came due just after the filing of this case. The case also deals with the claims of Community First Fund, a secured creditor whose claims are now accelerated and have been sold to a buyer.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.) Article 2: Classification of Claims and Interests**

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)). |
| 2.02 | **Class 2** | The claim of Integrity First Capital, LLC, which holds a valid first mortgage lien on the property at 890 Isabel Drive in Lebanon, Lebanon County, Pennsylvania. to the extent allowed as a secured claim under § 506 of the Code. This property is listed for sale. |
| 2.03 | **Class 3** | The claim of Community First Fund which holds mortgages on properties owned by the Debtor in Lancaster, Pennsylvania and Conestoga, Pennsylvania to the extent allowed as a secured claim under § 506 of the Code was reassigned and shall be paid by refinancing. |
| 2.04 | **Class 4** | The claim of PCDFC which holds a secured claim on the property on East Orange Street in Lancaster, Pennsylvania, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | **Class 5** | The claim of Equity interests of the Debtor. It is anticipated that there is value in the interest of the principals because the value of the assets exceeds the amount of secured debt. |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |

Official Form 425A  Plan of Reorganization for Small Business Under Chapter 11  page 2

Case 1:24-bk-01127-HWV   Doc 78   Filed 10/29/24   Entered 10/29/24 16:41:24   Desc
Case 1:24-bk-01127-HWV   Doc 110   Filed 12/27/24   Entered 12/27/24 15:28:00   Desc
Main Document   Page 6 of 9

| | | |
|---|---|---|
| Debtor Name | Porterfield-Scheid Management Company, LLC | Case number 1:24-bk-01127-HWV |

| | | |
|---|---|---|
| 3.03 | **Priority tax claims** | There are no unpaid pre-petition taxes. To the extent that a sale of an asset incurs tax debt, those taxes will be paid as an administrative claim. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. |

### Article 4: Treatment of Claims and Interests Under the Plan

**4.01 Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claims and Unsecured claims** | Impaired<br>X Unimpaired | It is believed that there are no pre-petition priority claims and no pre-petition unsecured claims. |
| Class 2 – **Secured claim** of Integrity First Capital, LLC | X Impaired<br>Unimpaired | To be paid in full from the liquidation of corporate assets or will be paid in full from the refinancing of the assets. It is believed that there is enough value in the assets to pay Integrity First Capital, LLC in full. |
| Class 3 – **Secured claim** of Assignee of Community First Fund | X Impaired<br>Unimpaired | To be paid from refinancing of all corporate assets not otherwise sold. |
| Class 4 - **Secured Claim** of PCDFC | Impaired<br>X Unimpaired | Claim is not in default and will continue to be paid according to its terms. |
| Class 5 - **Equity security holders of the Debtor** | Impaired<br>X Unimpaired | It is believed that there is equity remaining for the benefit of the equity security holders and they will retain that interest after the payment of the secured claims as noted herein. |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page **3**

Case 1:24-bk-01127-HWV    Doc 78    Filed 10/29/24    Entered 10/29/24 16:41:24    Desc
Case 1:24-bk-01127-HWV    Doc 110    Filed 12/27/24    Entered 12/27/24 15:28:00    Desc
Main Document    Page 7 of 9

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | The Debtor has executory contracts in the form of leases previously described. All leases/executory contracts are to be assumed as part of this Plan. |

## Article 7: Means for Implementation of the Plan

The asset of the Debtor at 890 Isabel Drive, Lebanon, Lebanon County, Pennsylvania, shall be listed for sale at a price determined to be adequate to pay all debt related to the secured and unsecured obligations on that property. If a price can be secured over a six (6) month listing period in an amount adequate to pay all such claims, the property will be sold. If such a price cannot be obtained and no compromise can be arrived at, than the property will be surrendered to Integrity First Capital, LLC, which loan has already come due by its terms, and the surrender will be deemed to be payment in full. The other properties owned by the Debtor in Lancaster and Conestoga shall be paid in full by refinancing, which refinancing is in the process of being negotiated even as this Amended Plan is being submitted. The Lancaster and Conestoga assets will not be sold.

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate governance** | Melanie B. Scheid and James A. Porterfield are the two owners of this corporation, each holding a fifty percent (50%) interest. They will remain as the corporate officers and managers for the purpose of assisting counsel in implementation of the Plan. |

Official Form 425A  Plan of Reorganization for Small Business Under Chapter 11  page 4

Case 1:24-bk-01127-HWV  Doc 78  Filed 10/29/24  Entered 10/29/24 16:41:24  Desc
Case 1:24-bk-01127-HWV  Doc 110  Filed 12/27/24  Entered 12/27/24 15:28:00  Desc
Main Document  Page 8 of 9

8.08 **Retention of Jurisdiction**   Notwithstanding confirmation of the Plan, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, and relating to, this Chapter 11 case and the Plan pursuant to all applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

### Article 9: Discharge

Discharge -- Section 1141(d)(3) IS NOT applicable

**Discharge if the Debtor is a corporation under Subchapter V**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i) imposed by this Plan; or
    (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i)    on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
(ii)    excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

x /s/Melanie B. Scheid     Melanie B. Scheid, Member

x /s/James A. Porterfield     James A. Porterfield, Member

x /s/Lawrence V. Young     Lawrence V. Young, Attorney for Debtor

Official Form 425A    Plan of Reorganization for Small Business Under Chapter 11    page 5

Case 1:24-bk-01127-HWV    Doc 78    Filed 10/29/24    Entered 10/29/24 16:41:24    Desc
Case 1:24-bk-01127-HWV    Doc 110    Filed 12/27/24    Entered 12/27/24 15:28:00    Desc
Main Document    Page 9 of 9