## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| PORTERFIELD-SCHEID | : | |
| MANAGEMENT COMPANY, LLC | : | CASE NO. 1:24-01127-HWV |
| | : | |
| DEBTOR | : | |

**MOTION OF THE UNITED STATES TRUSTEE TO
CONVERT THE MATTER TO A PROCEEDING UNDER
CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS THE CASE**

NOW COMES the United States Trustee ("**UST**"), through undersigned counsel, and respectfully moves this Honorable Court to enter an order converting the instant matter to a proceeding under Chapter 7 or, in the alternative, dismissing the case, and in support thereof, states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, § 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 105, 1104 and 1112. The United States Trustee has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On May 3, 2024, Porterfield-Scheid Management Company, LLC (the "**Debtor**") filed a Petition under Subchapter V of Chapter 11 of the United States Bankruptcy Code at Case No. 1:24-01127 MJC. Document Number[1] 1.

3. Debtor is represented by Attorney Lawrence V. Young.

---

[1] Hereinafter "Doc. No."

4. The UST is charged with certain administrative responsibilities pursuant to Title 28 U.S.C. § 586(a), which includes the supervision of the operation of the debtor and the progress of cases pending under chapter 11.

5. Title 11 U.S.C. § 1112(b) provides that this Honorable Court shall, upon a showing of cause and on request of a party in interest, and after notice and a hearing, convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate.

6. Title 11 U.S.C. § 1112(b)(4) provides several examples of cause, but it is well established that cause for conversion or dismissal is not limited to those examples. *In re Langseth*, 70 B.R. 274 (Bankr. D. N. D. 1987); *In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007)(noting that section 1112(b)(4) provides "illustrative examples of cause")(internal quotation marks omitted).

7. Title 11 U.S.C. § 1104(a) provides that this Honorable Court shall, upon a showing of cause and on request of a party in interest, and after notice and a hearing, order the appointment of a trustee if such appointment is in the interests of the creditors, any equity security holders, and other interests of the estate.

8. In exercising its supervisory responsibility noted above, the UST has found the following grounds for the instant motion.

**Missing Monthly Operating Reports**

9. Regardless of the nature of the case, all operating debtors-in-possession are required to file Monthly Operating Reports ("MOR"s ) and such other information as the United States Trustee, or the Court requires. *See* 11 U.S.C §§ 308, 704(a)(8), 1106(a)(1), 1107, 1116(b)(4), 1187(b), and Federal Rule of Bankruptcy Procedure 2015(a)(6).

10. As Debtor's case was filed in the month of May, a MOR was due for that period in May in which the Debtor was in Bankruptcy, and each month thereafter.

11. The Debtor had consistently filed MORs through November 2024[2]; however, the Debtor has failed to file the MORs for December 2024 and January 2025.

12. Accordingly, the UST posits that Debtor's failure to file all required MORs on a timely and consistent basis provides cause to convert or dismiss the instant case.

**Mismanagement of the Estate**

13. Title 11 U.S.C. § 1112(b)(4)(B) provides that cause includes gross mismanagement of the estate.

14. As this Honorable Court has noted, a debtor's failure to timely file meaningful MORs is also an indication of gross mismanagement of the estate. *In re Domiano,* 442 B.R. 97 (Bankr. M.D. Pa. 20210).

**Conclusion**

15. Once cause is proven, relief is mandatory unless the debtor meets its burden under § 1112(b)(2). *Gateway Access Solutions, Inc*. 374 B.R. 556, 560 (Bankr. M.D. Pa. 2006).

16. The UST respectfully submits that the conversion of Debtor's Chapter 11 case to a case under Chapter 7 is the appropriate remedy to allow a Chapter 7 Trustee to be appointed to investigate the financial affairs of the Debtor and, if appropriate, recover and administer assets of the estate for the benefit of creditors. Alternatively, the UST requests that Debtor's Chapter 11 case be dismissed.

WHEREFORE, for the reasons stated above, the United States Trustee respectfully requests that this Court enter an Order converting the instant case to a proceeding under Chapter

---

[2] The Debtor filed the November 2024 MOR on December 20, 2024. Doc. No. 108.

7 or, in the alternative, dismissing the case, and granting such other and further relief as is just and equitable.

        Respectfully submitted,

        ANDREW R. VARA  
        UNITED STATES TRUSTEE  
        Regions 3 and 9

        D. Troy Sellars  
        Assistant United States Trustee

        By:   /s/   Joseph P. Schalk  
        Joseph P. Schalk, Esq.  
        PA ID 91656  
        Office of the United States Trustee  
        1501 N. 6th Street, Box 302  
        Harrisburg, PA 17102  
        Tel.: (717) 221-4515  
        Email: Joseph.Schalk@usdoj.gov

Dated: <u>February 26, 2025</u>